UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Teddy Pyatt, # 277497, | C/A No. 9:12-0266-DCN-BM |
| Plaintiff, | |
| vs. | **Report and Recommendation** for |
| Ralph J. Wilson, Sr., *Esq.*; William Byars, *South Carolina Dept. Of Corr. Commissioner*; Robert E. Ward, *Deputy Dir. Div. Of Operations; in their Ofc. Ind. Capacity*, | *Partial* Summary Dismissal |
| Defendants. | |

Plaintiff is an inmate at the Kirkland Correctional Institution of the South Carolina Department of Corrections (SCDC). In the above-captioned civil rights action, Plaintiff has brought suit against his former retained attorney, who purportedly represented him in his post-conviction relief action. Plaintiff has also brought suit against the "Commissioner"[1] of the South Carolina Department of Corrections and its Deputy Director for Operations with respect to what reading materials or publications that SCDC inmates are allowed to receive. In a separately-filed order, the undersigned is authorizing service of process upon the two officials of the South Carolina Department of Corrections.

---

[1] Defendant Byars is actually the Director of the South Carolina Department of Corrections. *See* S.C. Code Ann. § 24-1-40 (Westlaw 2012).



## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Further, as Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). . Even when considered under this less stringent standard, however, the defendant Ralph Wilson is entitled to summary dismissal as a party Defendant, as are the claims relating to this Defendant. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

With respect to Plaintiff's allegations involving Wilson, to the extent Plaintiff is challenging criminal proceedings which ultimately resulted in the conviction for which he is currently in prison, these claims are subject to summary dismissal because a right of action has not accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a



> conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. at 486-487 (footnote omitted). Until Plaintiff's conviction is set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred because of the holding in *Heck v. Humphrey*.

Further, even aside from the holding in *Heck v. Humphrey*, Ralph J. Wilson, Plaintiff's former retained attorney, is entitled to summary dismissal as a party Defendant because he has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); and *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-24 & nn. 8-16 (1981)

3



(public defender).[2] *See also Vermont v. Brillon*, 173 L.Ed.2d 231, 129 S.Ct. 1283, 1286 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").

With respect to the remainder of Plaintiff's allegations, Ralph Wilson is not responsible for policies established by the South Carolina Department of Corrections as to what mailings prisoners are allowed to receive. Hence, liability under § 1983 may not be imposed upon him for these claims. *See Wilson v. Cooper*, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996); and *Campo v. Keane*, 913 F. Supp. 814, 825 & n. 11 (S.D.N.Y. 1996). *See also Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, *2 (D.S.C. July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*).

## *Recommendation*

Accordingly, it is recommended that the Court dismiss Ralph J. Wilson, Sr., and also dismiss Plaintiff's claims relating to Wilson's representation of him, *without prejudice* and without service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner

---

[2]The General Assembly of the State of South Carolina has replaced the county-based public defender system with a Circuit-based system. *See* the Indigent Defense Act, 2007 S.C. Acts 108 (effective after the General Assembly's override of the Governor's veto on June 21, 2007), which establishes a "Circuit Defender" system.

4



cases to determine whether they are subject to summary dismissal]. Plaintiff may file a state law malpractice action against Wilson in state court, if he so desires.

Plaintiff's attention is directed to the Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 2, 2012
Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

