IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Teddy Pyatt, #277497, ) | CIVIL ACTION NO. 9:12-0266-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| William Byars, South Carolina Department of ) | |
| Corrections Commissioner and Robert E. Ward, ) | |
| Deputy Director Division of Operations, in ) | |
| their Official Individual Capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights. Presently before the Court is a motion filed by the Plaintiff for a preliminary injunction under Rule 65(a), Fed.R.Civ.P. Defendants oppose Plaintiff's motion.

Rule 65(a) provides that a preliminary injunction may be issued with respect to an issue or claim after notice to the adverse party. However, a preliminary injunction is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), cert. granted, judgment vacated on other grounds by, Real Truth About Obama, Inc.

1



v. Federal Election Com'n, 130 S.Ct. 2371 (2010); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief. The Real Truth About Obama, Inc., 575 F.3d at 346, (citing Winter, 555 U.S. at 19-22).

In this lawsuit, Plaintiff challenges prison restrictions on his receipt of mail, including religious texts, books, newspapers, and internet materials.[1] Plaintiff argues in his motion that he is an inmate housed in the maximum security unit of his prison, and that he is being denied his "religious publications - literature [as a] 5 Percenter", newspapers and correspondence, and the right to receive photographs which have been scanned from a computer. Plaintiff alleges these policies are denying him his First Amendment right to practice his religion, and also his right to "suitable access to social, political, esthetical, moral and other ideas which are essential to the development and preservation of individual identity, and are clearly protected by the First Amendment." Plaintiff

---

[1] In addition to raising his claim under § 1983, Plaintiff also cites the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc through 2000cc-5, as a basis for his claim.



points out that numerous court decisions have held that prisoners retain First Amendment rights even while incarcerated, and that he therefore has a substantial likelihood of success on the merits; that the granting of such First Amendment rights to prisoners is also in the public interest; and argues that the granting of the preliminary injunction would not harm the Defendants. Defendants contend, however, that Plaintiff has failed to meet the high standard for entitlement to a preliminary injunction in this case, and based on the filings and arguments presented, the undersigned agrees. Plaintiff has failed to show a sufficient likelihood that he will succeed on the merits of this claim to entitle him to the extraordinary remedy of the granting of a preliminary injunction, nor has he met the standard of showing a likelihood of irreparable harm or that the issuance of such an injunction would be in the public interest.

First, with respect to a likelihood of success on the merits, Defendants argue that Plaintiff failed to exhaust his prison administrative remedies before filing this lawsuit, which will necessitate a dismissal of Plaintiff's claim pursuant to the Prison Litigation Reform Act (PLRA). Hallman Affidavit; see also 42 U.S.C. § 1997(e)(a) [Requiring exhaustion of administrative remedies prior to bringing a § 1983 lawsuit]. Cutter v. Wilkinson, 544 U. 709, 723 n. 12 (2005) ["State prison officials make the first judgment about whether to provide a particular accommodation, for a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies. See 42 U.S.C. § 2000cc-2(e) (nothing in RLUIPA 'shall be construed to amend or repeal the Prison Litigation Reform Act of 1995'); § 1997e(a) (requiring exhaustion of administrative remedies.)"]. Defendants further argue that, even if the Court were to address the merits of Plaintiff's claims, the mail policy Plaintiff is challenging in this lawsuit has already been reviewed on numerous occasions by this Court and held to be constitutional. Cf. Nicholas v. Ozmint, 04-22471, 2006 WL 895017



(D.S.C. Mar. 31, 2006)[Challenging policy on both First Amendment and RLUIPA grounds]; Williams v. Ozmint, 07-2409, 2008 WL 4372986 (D.S.C. Sept. 22, 2008); Wiles v. Ozmint, No. 05-2111, 2006 WL 2260136 (D.S.C. Aug. 7, 2006); Cory v. Reich, No. 02-2801, 2004 WL 3090234 (D.S.C. Mar. 9, 2004); Koon v. Ozmint, No. 06-2000, 2007 WL 1486067 (D.S.C. May 18, 2007). Defendants further note that, although Plaintiff has attached as an exhibit to his filings, a copy of the consent order from Mickle v. Moore, C.A. No. 2:96-5555, relating to receipt of 5 Percenter books and publications, that Plaintiff is not designated a 5 Percenter by the Department of Corrections, nor has he pled that he is a 5 Percenter in his lawsuit.

Hence, Plaintiff has demonstrated neither the clear likelihood of irreparable harm to him if the injunction is not granted, nor has he demonstrated a clear likelihood that he will succeed on the merits sufficient to justify the issuance of an injunction. The Real Truth About Obama, Inc., 575 F.3d at 346-347. Additionally, the issuance of an injunction such is being sought by the Plaintiff would undermine prison officials' ability to effectively manage prisons and maintain order and discipline. Cf. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir. 1994)[Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, * 3-4 (D.S.C. 2008). Finally, the public interest weighs in favor of policies which encourage security in prisons. Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

The Court cannot issue an injunction based solely on the claims in Plaintiff's motion, which Plaintiff will be able to fully litigate and have resolved in his underlying action. Therefore,



as Plaintiff has failed to meet the standard for issuance of a preliminary injunction, it is recommended[2] that his motion be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

April 4, 2012
Charleston, South Carolina

---

[2]A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A). See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

