IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Teddy Pyatt, #277497, | ) CIVIL ACTION NO. 9:12-0266-MGL-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| William Byars, South Carolina Dept. of Corr. Commissioner, and Robert E. Ward, Deputy Dir. Div. of Operations, in their Ofc. Ind. Capacity, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983, as well as pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000(c), et. seq. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional and religious rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on October 10, 2012. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on October 11, 2012, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on November 16, 2012.

The Defendants' filed a request for an extension of time to file a reply on November



29, 2012, and by Order filed November 30, 2012, Defendants were granted until December 6, 2012 to file a reply memorandum to Plaintiff's memorandum in opposition. However, that period of time has now expired, with no reply having been filed. The Defendants' motion is now before the Court for disposition.[1]

### **Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.



Plaintiff alleges in his verified Complaint[2] that he is a maximum security inmate, and that he is being denied the right to receive religious publications, newspapers and correspondence, and photographs which have been scanned from a computer. Plaintiff alleges that these restrictions are violating his First Amendment rights as well as his rights under the RLUIPA. See Complaint, Second Cause of Action.[3] Plaintiff seeks monetary damages as well as declaratory or injunctive relief. Defendants argue in their motion for summary judgment that this case should be dismissed because Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through the administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

---

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[3] Plaintiff's original Complaint included additional claims, which have already been dismissed. See Court Docket Nos. 11 and 18.



The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted an affidavit from Ann Hallman, who attests that she is employed by the SCDC as Inmate Grievance Administrator. Hallman attests that she has reviewed the Plaintiff's inmate grievance history, and that none of the grievances Plaintiff has filed with the SCDC concerns religious issues or contain any challenge to or complaint about the prohibition on internet generated material or photographs in the maximum security unit. See Hallman Affidavit. However, in both his verified Complaint and his opposition memorandum, Plaintiff states that he submitted a Step 1 Grievance Form[4] to the institutional grievance system on December 10, 2010, but that he never received any response to this grievance. Plaintiff has also attached what appears to be the original of this Step 1 Grievance Form to his Complaint as Exhibit C, and further states in his filings (including in his verified Complaint) that he submitted a Request to Staff Member form concerning this matter on February 7, 2011 to the Director of Division Operations (the Defendant Ward), and again received no response. Plaintiff has attached this Request to Staff Member form to his verified Complaint as Exhibit D. In his Complaint (dated January 20, 2012), Plaintiff alleges that he has still

---

[4]This Court can take judicial notice from previous cases filed in this Court that, under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step I), the inmate may then appeal the Warden's decision by filing a Step II appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co, 425 F.2d 1295, 1296 (5th Cir. 1970); see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).



never received any response to either his grievance or his Request to Staff Member.

Based on the evidence and arguments before the Court, the undersigned cannot find that the Defendants are entitled to summary judgment on the ground asserted. As previously noted, it is the Defendants who have the burden of showing that Plaintiff failed to exhaust his administrative remedies. Anderson, 407 F.3d at 683. While Harmon attests in her affidavit that she has reviewed the Step 1 grievance attached to Plaintiff's Complaint and that there is no record that this Step 1 Grievance was ever filed or received by any SCDC employee, Plaintiff attests in his verified Complaint that he did submit this Step 1 Grievance to prison officials on or about December 10, 2010,[5] and that he also followed up with a Request to Staff Member concerning his complaints about being denied newspapers, etc. in the Maximum Security Unit, but never received any response to these submissions. At summary judgment, the Court is required to consider the evidence presented, and all inferences to be drawn from that evidence, in the light most favorable to the non-moving party; Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir. 1980)[On summary judgment, the Court is required to consider the evidence presented, and all inferences to be drawn from that evidence, in the light most favorable to the non-moving party]; and considered pursuant to this standard, the evidence before the Court is sufficient to at least give rise to a genuine issue of fact as to whether the prison system failed to process Plaintiff's grievance, thereby allowing him to pursue his claims in a lawsuit. See Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [ administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance],

---

[5] Since Plaintiff states in his verified Complaint and argues in his response memorandum that he submitted this grievance to the "Institutional Grievance System", it is unclear how he still had the original of this Step 1 Grievance to submit as an exhibit to his Complaint. However, neither party specifically addresses this issue.



cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable]; see also Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991)[When considering whether summary judgment for the Defendants is appropriate, the Court must assume that the Plaintiff's version of the facts is true].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **denied**.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

December 19, 2012
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

