IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Teddy Pyatt, #277497, ) | Civil Action No. 9:12-266-MGL-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| William Byars, South Carolina Dept. ) | |
| of Corr. Commissioner, and Robert ) | |
| E. Ward, Deputy Dir. Div. of ) | |
| Operations in their Ofc. Ind. ) | |
| Capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Teddy Pyatt ("Plaintiff"), proceeding *pro se*, initiated this action by filing his Complaint on January 27, 2013, seeking relief pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Person Act ("RLUIPA"),  42 U.S.C. §§ 2000 (c) *et. seq.*  (ECF No. 1).

 In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the *pro se* complaint and filed a Report and Recommendation ("Report") on December 19, 2012 recommending that Defendants' motion for summary judgment be denied.  (ECF No. 55). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and of the serious consequences if they failed to do so.  Defendants filed objections to the Report on  January

1

7, 2013 (ECF No. 57), while Plaintiff filed objections on January 18, 2013[1]. (ECF No. 59). For the reasons discussed herein, the Court accepts and adopts the Magistrate Judge's Report.

## BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them and summarizes below in relevant part. Plaintiff is a state prisoner in the South Carolina Department of Corrections ("SCDC") and is housed in the Maximum Security Unit ("MSU") at Kirkland Receipt and Evaluation Center. Plaintiff asserts in his verified complaint that his First, Eighth and Fourteenth Amendment rights have been violated because MSU policy prohibits inmates from receipt and possession of religious publications, newspapers, correspondence, and photographs which have been internet generated. (ECF No. 1 at ¶ 7). Plaintiff seeks injunctive and monetary relief. Defendants denied Plaintiff's allegations and, on October 10, 2012, filed a motion for summary judgment alleging that Plaintiff had not exhausted his available administrative remedies as required by 42 U.S.C. § 1997 e(a) and *Porter v. Nussle*, 534 U.S. 516 (2002).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The Court may accept,

---

[1] Plaintiff did not file specific objections to the Report but instead responded to Defendants' objections.

reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the MagistrateJudge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005). Furhermore, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Upon review of the record, the Magistrate Judge recommended that Defendant's motion for summary judgment be denied. The Magistrate Judge indicated that the evidence before the Court raised genuine issues of material fact as to whether the prison system failed to process Plaintiff's grievance, thereby allowing him to pursue his lawsuit. *See Boyd v. Corrections Corp. Of America*, 380 F.3d 989, 996 (6th Cir. 2004). Both Defendants and Plaintiff object to the Report.

## DISCUSSION

Defendants object to the Magistrate Judge's finding that genuine issues of fact exist as to whether or not the prison system failed to process Plaintiff's grievance. (ECF No. 57). Defendants set forth the same arguments that they presented to the Magistrate Judge

3

—that Plaintiff has failed to properly exhaust all available administrative remedies prior to filing this action as required under the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a) (1996).

The PLRA requires a prisoner to exhaust any available administrative remedies prior to filing civil actions under 42 U.S.C. § 1983 or any other Federal law. This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is no longer left to the discretion of the district court, but is mandatory, and must be exhausted even where the relief sought cannot be granted by the administrative process. *See Woodford v. Ngo*, 126 St. Ct. 2378 (*quoting Booth v. Churner*, 532 U.S. 731, 2001); *Porter v. Nussle*, 534 U.S. 516 (2002)).

Here, the Magistrate Judge considered the evidence presented as well as the arguments outlined in the memoranda submitted and determined that genuine issues of material fact exist as to whether the prison system had failed to process Plaintiff's Step One Grievance. Upon review, the Court agrees. Accordingly, after conducting a *de novo* review as to Defendants' Objections to the Report, and considering the record, the applicable law, and the Report and Recommendation, the Court concludes, for the reasons outlined by the Magistrate Judge, that Plaintiff has set forth specific facts that create genuine issues material fact to be decided at trial. The Court hereby adopts and incorporates the Magistrate Judge's Report and Recommendation. Defendants' Motion for Summary Judgment is DENIED. This matter shall be set for trial at this Court's November 2013 term.

IT IS SO ORDERED.

        <u>/s/ Mary G. Lewis</u>
        United States District Judge

Spartanburg, South Carolina
April 29, 2013