IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Teddy Pyatt, #277497, ) | Civil Action No. 9:12-266-MGL-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| William Byars, South Carolina Dept. ) | |
| of Corr. Commissioner, and Robert ) | |
| E. Ward, Deputy Dir. Div. of ) | |
| Operations in their Ofc. Ind. ) | |
| Capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Teddy Pyatt ("Plaintiff"), proceeding *pro se*, initiated this action by filing his Complaint on January 27, 2012, seeking relief pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C. §§ 2000c *et. seq.* (ECF No. 1). The matter now comes before this Court on Defendants' Supplemental Motion for Summary Judgment. (ECF No. 76).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was first referred to United States Magistrate Judge Bristow Marchant. The Magistrate Judge reviewed the Defendants' Motion and the Plaintiff's Response and filed a Report and Recommendation ("Report") on April 7, 2014, recommending that Defendants' Supplemental Motion for Summary Judgment be granted with respect to Plaintiff's claims for money damages under both the United States Constitution and the RLUIPA but denied with respect to Plaintiff's claims for injunctive relief. (ECF No. 89). Defendants filed an

1

Objection to the Report on April 24, 2014, (ECF No. 90), to which Plaintiff responded on May 12, 2014. (ECF No. 92). Defendants then replied on May 15, 2014. (ECF No. 93).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and, in particular, the Defendants' Objection. In their Objection, Defendants maintain that the Magistrate Judge erred by failing to make a determinative ruling on the first prong of the two prong qualified immunity standard, with respect to both Plaintiff's constitutional and statutory claims. (ECF No. 90). However, as the Defendants themselves acknowledge, although Supreme Court and Fourth Circuit precedent calls for the consideration of both prongs in appropriate cases, it is not mandatory. Id. at p. 3. A Court in its sound discretion may elect to pass over the first prong (whether the official violated an existing federal right) and move directly to the equally determinative second prong (whether a federal right, assuming it exists, was clearly established at the time of the official action). If the Court

concludes, as the Magistrate Judge did here, that even if a federal right existed, it was not clearly established at the time of the official action, then the qualified immunity defense is properly established.

After careful review of the Report and the Objection thereto, the Court concurs with the reasoning of the Magistrate Judge and adopts and incorporates the Report herein by reference. (ECF No. 89).[1]  Defendants' Supplemental Motion for Summary Judgment is thereby **GRANTED IN PART** and **DENIED IN PART**. (ECF No. 76).  Specifically, Defendants are granted summary judgment on Plaintiff's claims for money damages under both the Constitution and the RLUIPA.  However, Defendants' motion for summary judgment is denied with respect to Plaintiff's claims for injunctive relief.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
June 16, 2014

---

[1] As the Defendants point out in their Objection, the Magistrate Judge technically went outside the strict boundaries of the Court's October 16, 2013 Order limiting Defendants' re-filing for summary judgment to the issue of qualified immunity.  The Magistrate Judge did so by basing his grant of summary judgment on the money damages portion of Plaintiff's statutory claim, not upon the defense of qualified immunity, but upon Congress' failure to authorize such damages under the RLUIPA. (ECF No. 89 at p. 20).  However, because the Magistrate Judge's analysis is both correct on the law, see Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009), and not objected to by Plaintiff, the only party with any plausible claim of prejudice, the Court elects to adopt the Magistrate Judge's analysis and conclusion with respect to Plaintiff's RLUIPA damages claim along with the balance of the Report.